IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD OBENAUF,

    Plaintiff,

v.

ENHANCED RECOVERY CORPORATION d/b/a
ENHANCED RECOVERY COMPANY LLC,

    Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. After Plaintiff Richard Obenauf had requested, in writing, that Defendant Enhanced Recovery Corporation d/b/a Enhanced Recovery Company LLC, a debt collection agency, stop calling him – it was attempting to collect a debt owed by someone who had earlier been assigned Mr. Obenauf's home telephone number – it nonetheless continued to call him.  Mr. Obenauf seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and New Mexico consumer protection law.

**Jurisdiction**

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

**Parties**

3. Plaintiff Richard Obenauf resides in Albuquerque, New Mexico.

4. Defendant Enhanced Recovery Corporation d/b/a Enhanced Recovery Company LLC ("ERC") is a debt collection agency whose principal business is the collection of

consumer debts. It regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. It is licensed as a collection agency by the New Mexico Financial Institutions Division. ERC is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

5. ERC had purchased the debt account it was trying to collect from "Roger" via telephone calls to Mr. Obenauf's number, or had obtained the right to collect on this account, after the account was in default.

6. Upon information and belief, this account was obtained for personal, family or household purposes.

7. In May 2010, Mr. Obenauf received a new home telephone number.

8. Apparently, someone named "Roger" had been assigned the number before him.

9. Mr. Obenauf spends a significant time at home working on his Ph.D. thesis.

10. On November 18, 2010, Mr. Obenauf received a telephone call from ERC at his home telephone number.

11. Mr. Obenauf discovered that the telephone number used to place the November 18 call belonged to ERC and that ERC was a debt collector.

12. Mr. Obenauf, having received calls for "Roger" from other debt collectors, decided to try to stop the calls from ERC right away so that he would not be disturbed by further calls.

13. In a letter dated November 18, 2010, Mr. Obenauf informed ERC that he was not "Roger" and that "Roger" apparently had his telephone number before he had it. He also asked that ERC "cease all communication to my phone or otherwise causing it to ring."

14. ERC received this letter on November 22, 2010.

15. Nevertheless, ERC continued to telephone Mr. Obenauf's home telephone number. It telephoned him on November 29, 2010, and perhaps other times as well.

16. Mr. Obenauf's was frustrated and aggravated by ERC's failure to leave him alone.

17. As a result of ERC's conduct, Mr. Obenauf has suffered actual damages, including:

    a. Out of pocket expenses;

    b. Lost time; and

    c. Aggravation and frustration.

### First Claim for Relief: Violations of the FDCPA

18. ERC's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d(5).

19. Mr. Obenauf is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Second Claim for Relief: Violations of the New Mexico Unfair Practices Act

20. ERC's actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 § 57-12-2(D)(15) specifically.

21. ERC willfully engaged in these unlawful trade practices.

22. Mr. Obenauf is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus reasonable attorney fees and costs.

23. Mr. Obenauf is also entitled to injunctive relief.

### Third Claim for Relief: Tortious Debt Collection

24. ERC's actions and inactions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

25. Mr. Obenauf is entitled to recover actual and punitive damages in an amount to be determined at trial.

### Request for Relief

Mr. Obenauf requests that this Court:

A. Enjoin ERC from telephoning Mr. Obenauf or contacting him in any way;

B. Award statutory and actual damages, for violations of the FDCPA;

C. Award statutory or actual damages, trebled, for violations of UPA;

D. Award actual and punitive damages, for tortious debt collection;

E. Award reasonable attorney fees and costs; and

F. Award such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE

_____
ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)