**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RICHARD OBENAUF,

    Plaintiff,

v.                                                                         No. 10-CV-1179 WJ/DJS

ENHANCED RECOVERY CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION**

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration filed on April 11, 2011 (Doc. 17). Plaintiff Richard Obenauf requests reconsideration of the Court's award of damages on default judgment in this case (Doc. 14). In that order, the Court awarded Plaintiff $5000 in damages under the Fair Debt Collection Practices Act ("FDCPA"), $100 in damages under the New Mexico Unfair Practices Act ("UPA"), and declined to award Plaintiff damages under state law for tortious debt collection. The motion will be granted in part and denied in part.

According to the allegations in the complaint (Doc. 1), which are deemed admitted as a consequence of the default, Defendant Enhanced Recovery Corporation ("ERC") is a debt-collection agency which has been telephoning Plaintiff at his home number repeatedly demanding a debt incurred in the name of "Roger." Plaintiff disclaims any knowledge of or liability for this debt. After the first telephone call, Plaintiff obtained ERC's contact information by means of internet research and sent ERC a letter via certified mail on November 8, 2010. The letter explained that Plaintiff was not "Roger" and requested that ERC cease communications

with Plaintiff concerning this debt. ERC received this letter on November 22, 2010. However, ERC continued to call Plaintiff at his home number after receiving this letter.

Plaintiff filed his complaint on December 9, 2010 (Doc. 1). The complaint brings three causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.; (2) violation of the New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-2(D); and (3) tortious debt collection under state law. The grounds for reconsideration are asserted as follows: (1) ERC is liable under 15 U.S.C. § 1692d, rather than § 1692c as the Court previously found; (2) the UPA provides for the collection of emotional distress damages as "actual damages"; and (3) state tort law recognizes emotional distress damages without requiring a plaintiff prove the elements of intentional infliction of emotional distress.

## I.     FDCPA § 1692c

Plaintiff notes that the Court found ERC was liable under three provisions of the FDCPA: §§ 1692d, 1692d(5), and 1692c(c). Plaintiff explains that § 1692c(c) cannot be the basis of liability for ERC without a finding that Plaintiff is a "consumer" (or a person who owes a debt), because § 1692c applies only to consumers. Therefore, to the extent that the previous opinion mentioned § 1692c, it was unnecessary dicta, and the Court hereby clarifies that ERC is not liable under 15 U.S.C. § 1692c.

## II.    The UPA and Emotional Distress

The Court previously held that the plain language of the UPA prevented recognition of emotional distress damages when it referred to "loss of money or property," and that no case law from New Mexico courts could support a different finding. Doc. 14 at 8-9. Plaintiff moves for reconsideration, arguing that New Mexico courts have indicated that emotional distress is recoverable under the UPA.

Plaintiff begins by acknowledging that "[n]o New Mexico state court has . . . directly considered whether emotional distress type damages are awardable under the UPA." Doc. 18 at 5. Plaintiff argues nonetheless that *Hale v. Basin Motor Co.*'s reference to "frustration" on the part of consumers means that emotional distress damages should be available. 795 P.2d 1006, 1013 (N.M. 1990). The balance of Plaintiff's argument concerns legislative intent, and an analogy to the term "actual damages" under the FDCPA. While this Court agrees that New Mexico construes the UPA "broadly," it does not follow that the term "loss of money or property" should be read out of the paragraph of the statute providing for the recovery of "actual damages." If Plaintiff wishes for another holding that the statute does not mean what it says,[1] Plaintiff should turn to the New Mexico state courts for such a holding, not this Court.

## III.   State Tort Law and Emotional Distress

Plaintiff moves for reconsideration of any portion of the Court's previous order that imposed a burden of proof on him for tortious debt collection similar to the burden of proof under intentional infliction of emotional distress ("IIED"). Plaintiff relies on federal case law, and New Mexico decisions interpreting federal law, to argue that New Mexico tort law recognizes emotional distress damages under a lesser standard than for IIED.

To the extent the Court's order implied that it was imposing IIED standards on Plaintiff's tortious debt collection claim, the Court will clarify that order. Plaintiff's reconsideration brief makes it clear that New Mexico does not require a plaintiff to prove all the elements of IIED if he is not asserting a stand-alone claim for emotional distress. Because Plaintiff here has pled and

---

[1] *See Pedroza v. Lomas Auto Mall, Inc.*, 663 F. Supp. 2d 1123, 1131-35 (D.N.M. 2009) (finding that the New Mexico Supreme Court has held that a person need not suffer "loss of money or property" to get statutory damages but noting that such a holding was contrary to the plain meaning of the statute).

proven the elements of a separate tort – tortious debt interference – the Court finds that he need not prove the elements of IIED.

The Court will clarify that it intended the reference to case law concerning IIED to serve as a partial explanation of why the Court believed New Mexico state tort law to be restrictive of emotional distress claims in general. *See* Doc. 14 at 8 (noting that for IIED claims the distress must be "severe"). The Court does not hold that Plaintiff must satisfy all the elements of IIED tort claims. The Court merely finds that satisfaction of emotional distress damages under the "relaxed standard" of the FDCPA did not amount to entitlement to an award of emotional distress damages under state tort law. Plaintiff's damages brief did not explain what the state tort law standard for emotional distress is, or acknowledge that it differed from the standard under the FDCPA. The structure of the damages brief makes it clear that Plaintiff was asking for an award of "actual" damages for tortious debt collection calculated with reference to the standard under the FDCPA, a standard which the Court found inapplicable to state tort law. The natural conclusion of Plaintiff's not asserting any *state tort law* grounds for emotional distress damages was to deny recovery for those damages. That does not necessitate a finding that Plaintiff *cannot* recover emotional distress damages under tortious debt collection, simply that Plaintiff cannot do so on the grounds asserted in Plaintiff's damages brief. Therefore, to the extent the previous opinion implied that Plaintiff cannot recover emotional distress damages under tortious debt collection, it is hereby corrected.

However, Plaintiff has not, in his reconsideration brief, provided the Court with any grounds to reconsider that conclusion. Plaintiff's brief argues that general federal common law should be applied to the state law tort. *See id.* at 8-11. Although the Court agrees with Plaintiff that emotional distress damages are compensable under the tort of invasion of privacy, *see* Doc.

4

18 at 3-4, the standard is simply not the same as that under federal law. Plaintiff notes that *Carey v. Piphus*, 435 U.S. 247 (1978), established a federal standard of proof under which a plaintiff's own testimony, as long as it is specific and credible, supplies the requisite evidence for awarding damages for emotional distress that need not be "severe." Plaintiff then argues that New Mexico has adopted this standard by citing *Jacobs v. Meister*, 775 P.2d 254 (N.M. Ct. App. 1989). *Jacobs* was a case in New Mexico state court brought under 42 U.S.C. § 1983, and it is for that fact alone that *Jacobs* cited *Carey* and applied the federal standard of proof.[2] On the other hand, when a federal court takes supplemental jurisdiction of state law claims, it must apply *state* law to those claims—not federal law.

In conclusion, Plaintiff is correct that he need not prove all the elements of IIED under New Mexico law to recover for his emotional distress. However, he still has not established how to determine the proof necessary to establish emotional distress under state tort law, and the Court's previous reasons for declining to award emotional distress damages under state law still apply.

The New Mexico courts have not, to the Court's knowledge, provided any meaningful guidance on how to calculate emotional distress damages or explained the standard of proof for emotional distress damages under state law.[3] In the absence of such guidance, the Court declines

---

[2] To the extent *Jacobs* discussed state law, it cited to the Restatement (Second) of Torts § 46 (1965), which, non-coincidentally, lays out the elements of IIED. *See* 775 P.2d at 262. *Jacobs* also cites a New Mexico case which awarded damages for emotional distress that was "acute." *See Sweitzer v. Sanchez*, 456 P.2d 882, 884 (N.M. Ct. App. 1969).

[3] Most of the guidance from New Mexico courts on emotional distress damages for state torts comes in the context of refusing to disturb a jury verdict, whatever the amount. *See, e.g.*, *Littell v. Allstate Ins. Co.*, 177 P.3d 1080, 1092-93 (N.M. Ct. App. 2007); *Seitzinger v. Trans-Lux Corp.*, 40 P.3d 1012, 1017-18 (N.M. Ct. App. 2001); *Weidler v. Big J Enters., Inc.*, 953 P.2d 1089, 1100 (N.M. Ct. App. 1997). Granted, these amounts generally exceed what

to import federal standards for Plaintiff's state law claims and will not award emotional distress damages under the UPA or tortious debt collection.

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 17) is GRANTED in part and DENIED in part. An Amended Memorandum Opinion and Order on Default Judgment will follow this ruling.

_____
UNITED STATES DISTRICT JUDGE

---

Plaintiff requests here.